[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13703
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00008-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KARIM MUHAMMAD,
a.k.a. Darryl Fredericks
a.k.a. Darryl Fredrick
a.k.a. Sedrick Lamon Clark
a.k.a. Money,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 28, 2021)

Before JILL PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Karim Muhammad, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). After careful consideration, we affirm.

I.

In 2013, Muhammad pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In his plea agreement, Muhammad acknowledged that because of prior convictions, he was subject to a 15-year mandatory-minimum sentence under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). The district court imposed a sentence of 180 months' imprisonment.

In 2020, Muhammad filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He argued that extraordinary and compelling circumstances warranted a sentence reduction because if he had been sentenced after the First Step Act of 2018[1] went into effect, he would not have been classified as an armed career criminal under § 924(e) and no mandatory minimum would have applied. He asserted that the First Step Act narrowed the list of predicate offenses that subjected a criminal defendant to an enhanced sentence under the

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (2018).

ACCA.  Muhammad also asserted that extraordinary and compelling circumstances existed because he had been rehabilitated while in prison.

The district court denied the motion for compassionate release.  The court rejected Muhammad's argument that if he had been sentenced after the First Step Act went into effect he would have not been subject to a mandatory minimum under ACCA.  The court explained that the First Step Act narrowed the list of offenses that triggered mandatory minimums for controlled substances offenses under 21 U.S.C. § 841 but made no similar change to the list of predicate offenses that triggered a mandatory minimum under ACCA.  As a result, Muhammad would have been subject to a 15-year mandatory minimum even if the First Step Act had been in effect at the time of his sentencing.

The court determined it had no discretion to reduce Muhammad's sentence because there were no extraordinary or compelling circumstances present.  The court further stated that even if it had discretion to reduce Muhammad's sentence, it would not do so.  Muhammad filed a motion for reconsideration, which the court denied.

This is Muhammad's appeal.

## II.

We review *de novo* a district court's determination that a defendant is not eligible for a § 3582(c) sentence reduction.  *See United States v. Bryant*, 996 F.3d

1243, 1251 (11th Cir. 2021).  We liberally construe *pro se* filings.  *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

### III.

A district court has no inherent authority to modify a sentence and "may do so only when authorized by a statute or rule."  *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015); *see* 18 U.S.C. § 3582(c).  Section 3582(c) permits a district court to reduce a prisoner's sentence in certain circumstances.  In this case, Muhammad sought a sentence reduction based on § 3582(c)(1)(A)(i).  For a prisoner to be eligible for a sentence reduction under this provision, a district court must find, among other things, that "extraordinary and compelling reasons" warrant the reduction.  18 U.S.C. § 3582(c)(1)(A)(i); *see Bryant*, 996 F.3d at 1254.

Muhammad argues that the district court erred when it determined that extraordinary and compelling circumstances were not present in his case.  But our precedent forecloses his argument.

In *Bryant*, we held that "extraordinary and compelling reasons" are limited to those reasons listed in the Sentencing Commission's policy statement found in United States Sentencing Guideline § 1B1.13.  *Bryant*, 996 F.3d at 1262.  Section 1B1.13 lists four extraordinary and compelling reasons: the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons.

4

U.S.S.G. § 1B1.13 cmt. n.1.  We held that "other reasons" are limited to those determined by the Bureau of Prisons, not by courts.  *See Bryant*, 996 F.3d at 1263.

Muhammad does not argue that one of the extraordinary and compelling reasons listed in section 1B1.13 or that one of the "other reasons" determined by the Bureau of Prisons applies here.  *Id.*  We therefore cannot say the district court erred in concluding that Muhammad was ineligible for a sentence reduction.

**AFFIRMED.**